## JACOB ULRICH *v.* HUGH McCABE.

The owner of a house, injured by blasting, has a right of action for the damage against the contractor, under whose supervision the blasting was done.

In such a case, the fact of the accident raises a presumption that the blast was not properly covered.

It makes no difference that the plaintiff's house stood upon leased land; or was itself hired by him. In the latter case, he would presumptively be liable to his landlord to repair the injury, and can recover the value of the necessary repairs from the contractor.

In an action to recover for such an injury, it is immaterial whether or not the tenant, under his agreement with the landlord, was bound to keep the premises in repair; because he must either make the repairs rendered necessary by the injury, or lose the beneficial enjoyment of the property.

APPEAL by defendant from a judgment of the Seventh District Court. This was an action to recover damages for injuries occasioned to the plaintiff's house by blasting done under the supervision of the defendant. The evidence for the plaintiff showed that he was the owner of a house on the corner of Forty-sixth street and Tenth avenue, which stood, however, on leased ground; that the defendant was the contractor having in

charge the making of a sewer in Forty-sixth street; that at one of the blasts, some stones were thrown upon the plaintiff's house, and he was obliged to pay $20.50 to repair the injury done. The evidence of the defendant's connection with the blasting was the testimony of a witness to his admission, that he was the contractor having it in charge.

At the close of the plaintiff's case, the defendant moved for a nonsuit upon the grounds: I. That the plaintiff was not the owner of the house damaged. II. That there was no evidence of damage. III. That it appeared the blast was covered as the law required. The motion was denied. The defendant offered some testimony tending to show that he was not the contractor for building the sewer. Judgment was rendered for the plaintiff, and the defendant appealed.

*Stillwell and Swain*, for the appellant.

*Van Antwerp and James*, for the respondent.

BRADY, J.—The appellant bases his appeal on four several facts, none of which appear by the return, viz. :

1. That the plaintiff was the tenant of the premises injured.

2. That the amount expended in repairs was $19 only.

3. That the sum of $19 included other repairs than those rendered necessary by the damage done, and

4. That the plaintiff admitted that the blast was properly covered.

The testimony, however, shows that the plaintiff was the owner of the house. That the amount expended in repairs was $20.50, viz. : $19 for the mason, and $1.50 for carpenter's work, and that nothing was included but what was rendered necessary by the damage done. It does not appear, however, that the blast was properly covered, and, as I understand the return, there is no admission of that fact as alleged by the appellant. In the absence of proof on that subject, the presumption would be against such a proposition. If the blast, indeed, had been *prop-*

*erly* covered, the damages sustained by the plaintiff, probably, would not have resulted from it.

The defendant *admitted* that he was the contractor, and the witness called for the defence does not disprove that fact. If his testimony created any doubt, the decision of the justice would be binding.

There is nothing in the case to show that the house of the plaintiff was a permanent structure, or part of the freehold. If it rested on the land without being fastened to the soil, or on ·stones resting on the surface, and not fastened to the earth, the plaintiff, as tenant, might have the right to remove it at the expiration of his term. The defendant cannot excuse himself by a mere hypothesis. If he had a defence, he should have proved it.

The appellant is mistaken in supposing that the tenant was not bound to repair, if the house was part of the fee. There is no proof on that subject, and for that reason the presumption is, that he was bound to uphold the premises in question from decay, and to render them, when his term expired, in such condition as reasonable use would permit. Taylor's Landlord and Tenant, 163, and cases cited. At all events, the landlord was not bound to repair during the term, without an agreement on his part so to do, and the tenant must either make the repairs, or lose the beneficial enjoyment of the premises. The latter circumstance entitles him to recover the expense of such repairs, whether the house was his or not, and whether or not the house could be removed by him at the expiration of the term.

There is no proof, as stated before, that the defendant properly covered the blast, and there is no admission by the plaintiff that it was so covered. It is true, that when a motion for nonsuit was made, it was *stated*, by the defendant's counsel, that there was such an admission, but it does not appear in the return. It is denied by the respondent, and the justice seems to have disregarded the statement, because, after setting forth the grounds upon which the nonsuit was urged, and on which the statement of the admission is included, he adds: "all of which was over-

ruled by me," and by which I understand him to mean that he repudiated such statement as inconsistent with the proof, and denied the motion for nonsuit as well. The appellant, however, could have protected himself from any doubt on that subject by an amended return. He has not procured it, and must take the consequences:

The appeal presents nothing which justifies a reversal of the judgment, and it must be *affirmed*.